UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX VAN DER ZWAAN,<br><br>Defendant. | Criminal No.: 18-CR-031 (ABJ)<br><br>Violation: 18 U.S.C. § 1001(a)(2) (False Statements) |

**FILED**

**FEB 2 0 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF THE OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America and the defendant, ALEX VAN DER ZWAAN, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty.

1. At all relevant times herein, the Special Counsel's Office had an open investigation into Paul J. Manafort, Jr. and Richard W. Gates III in connection with, among other things, their work in the United States on behalf of foreign principals as to which they had not registered under the Foreign Agents Registration Act (FARA). The investigation encompassed United States lobbying and public relations work on behalf of the Ukraine Ministry of Justice in 2012, including the dissemination to the United States media and others of a report written by an international law firm (Law Firm A) concerning the trial of Yulia Tymoshenko (the Report). On October 27, 2017, arising in part from this investigation, a Grand Jury indicted Manafort and Gates, among other things, for acting as unregistered agents of a foreign principal in violation of FARA, 22 U.S.C. §§ 615 and 618(a)(1). The indictment was unsealed on October 30, 2017.

VDZ
2/20/2018

2. The defendant, ALEX VAN DER ZWAAN, was an English lawyer associated with Law Firm A. He had worked on the Report.

3. On November 3, 2017, in Washington, D.C., VAN DER ZWAAN was interviewed by the Special Counsel's Office, including Department of Justice prosecutors and Special Agents of the Federal Bureau of Investigation. He was represented by counsel. He was warned that intentionally false statements to the Office could subject him to criminal charges. He indicated that he understood.

4. VAN DER ZWAAN thereafter made materially false statements during the interview.

5. During the November 3, 2017, interview, VAN DER ZWAAN knowingly and intentionally falsely stated the following:

    a. his last communication with Gates was in mid-August 2016, which consisted of an innocuous text message;

    b. his last communication with a longtime business associate of Manafort and Gates in Ukraine (Person A) was in 2014, when he talked with Person A about Person A's family; and

    c. he did not know why Law Firm A had not produced to the Special Counsel's Office a September 2016 e-mail between him and Person A.

6. In truth and in fact, VAN DER ZWAAN well knew and believed the following facts, when he made each of the above statements:

    a. In or about September 2016, VAN DER ZWAAN spoke with both Gates and Person A regarding the Report. In early September 2016, Gates called VAN DER ZWAAN and told him to contact Person A. After the

2

VDZ
2/20/2018

        call, Gates sent VAN DER ZWAAN documents including a preliminary criminal complaint in Ukraine via an electronic application called Viber. VAN DER ZWAAN then called Person A and discussed in Russian that formal criminal charges might be brought against a former Ukrainian Minister of Justice, Law Firm A, and Manafort. VAN DER ZWAAN recorded the call. VAN DER ZWAAN then called the senior partner on the Report at Law Firm A and partially recorded that call. Finally, VAN DER ZWAAN called Gates and recorded the call. VAN DER ZWAAN also took notes of the calls.

    b.     Prior to the November 3, 2017, interview, VAN DER ZWAAN did not produce to Law Firm A and deleted and otherwise did not produce emails he possessed that he understood had been requested by either the Special Counsel's Office or Law Firm A, or both, including an email in Russian dated September 12, 2016 in which Person A asked VAN DER ZWAAN to contact Person A and to use an encrypted application.

7.     During the November 3, 2017, interview, VAN DER ZWAAN stated that he played a passive role in the roll out of the Report, limited to defending the Report to ensure Law Firm A's work was properly portrayed. However, in or about late July-early August 2012, VAN DER ZWAAN gave, without authorization, an advance draft of the Report to the public relations firm retained by the Ukraine Ministry of Justice to manage the global press and lobbying strategy for the Report, and in September 2012 provided Gates talking points for use in the public relations campaign as to how to describe the Report in ways favorable to the client. For instance, VAN DER ZWAAN advised that the text of the Report could be used to Ukraine's advantage if

3

*VDZ*
*2/20/2018*

one looked beyond the Report's description of "procedural" infractions in Tymoshenko's trial and focused instead on the fact that her defense was weak.

By: ROBERT S. MUELLER, III
Special Counsel

*/s/ Andrew Weissmann*
Andrew Weissmann
Greg Donald Andres
Kyle Freeny
Brian M. Richardson
Senior/Assistant Special Counsel

VD2
2/20/2018

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

I have read every word of this Statement of the Offense, or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorneys, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct. I am fully satisfied with the legal representation I have received in connection with this plea.

Date: _14 February 2018_         _____
                                 Alex van der Zwaan
                                 Defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of the Offense as true and accurate.

Date: _____     _____
                                 William Schwartz
                                 Attorney for Defendant


                                 _____
                                 Laura Grossfield Birger
                                 Attorney for Defendant

VDZ
2/20/2018

### DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

I have read every word of this Statement of the Offense, or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorneys, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct. I am fully satisfied with the legal representation I have received in connection with this plea.

Date:_____

_____
Alex van der Zwaan
Defendant

### ATTORNEYS' ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of the Offense as true and accurate.

Date: February 14, 2018

William Schwartz
Attorney for Defendant

Laura Grossfield Birger
Attorney for Defendant

VDZ
2/20/2018