**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ALEX VAN DER ZWAAN,**<br><br>**Defendant.** | **Crim. No. 18-31 (ABJ)** |

## NOTICE TO THE COURT REGARDING CERTAIN WAIVERS IN DEFENDANT ALEX VAN DER ZWAAN'S PLEA AGREEMENT

The United States, by and through Special Counsel Robert S. Mueller, III, files this notice to the Court regarding provisions of defendant Alex van der Zwaan's plea agreement that waive certain of his rights under the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As the Court is aware, van der Zwaan entered into a plea agreement with the government on February 14, 2018, and pleaded guilty pursuant to that agreement on February 20, 2018.

As provided in Section 9, Paragraph F of the plea agreement, van der Zwaan agreed to waive his rights to request or receive from the government records pertaining to the investigation or prosecution of this case, including under the Privacy Act and FOIA, "for the duration of the Office's investigation."  Because the Court drew attention to a similar provision in a related case, *see* Tr. of Arraignment and Plea Hearing, *United States v. Richard W. Gates, III*, 12:23–13:7, No. 17-cr-201-2 (ABJ), we address this provision in advance of van der Zwaan's sentencing.

As a general matter, FOIA rights, like many constitutional and statutory rights, may be waived in a guilty plea.  *See Price v. United States*, 865 F.3d 676, 678–681 (D.C. Cir. 2017)

(rejecting argument that "no person may ever waive his right to seek records under FOIA"). In a FOIA suit addressing the enforceability of such a waiver, however, the D.C. Circuit held that such waivers are not enforceable where the government cannot articulate legitimate criminal-justice interests for the waiver. *See id*. at 679–684.

The issue presented in *Price* was not whether a FOIA waiver may be included in a plea agreement, but whether the FOIA waiver was enforceable "in th[at] case," *id*. at 683–683; *see id*. at 679 n.4 (framing the question as "whether public-policy concerns ever require courts to *refrain from enforcing* FOIA waivers contained in plea agreements") (emphasis added). It is unclear if the court's analysis in *Price* of whether a FOIA waiver should be applied to a particular, ripe FOIA request suggests that district courts should engage in the same sort of analysis at the time of accepting plea agreements, without reference to any specific FOIA request or events that transpired between the time of the waiver and time of the request. Given that ambiguity and the novelty of *Price*, *see, e.g.*, *United States v. Rodriguez-Gonzales*, 477 F. App'x 403, 404 (8th Cir. 2012) (summarily rejecting "challenge to the plea-agreement's waiver of rights under the Freedom of Information Act"), we respectfully suggest that the Court not extend *Price* into this new context.

In any event, strong interests support the government's and defendant's agreement to include this particular waiver, which is limited to the "duration of the Office's investigation." The conduct underlying van der Zwaan's plea arose in the context of an ongoing investigation—indeed one part of a larger ongoing investigation. A waiver that is limited in duration to the remainder of this Office's investigation thus prevents a defendant from taking further actions that could interfere with the Office's work. It prevents a defendant, for example, from effectively seeking discovery while the investigation is ongoing. And the waiver conserves the scarce resources of the Special Counsel's Office by avoiding the drain on members of the Office who might be called upon to

assemble records and to help explain to others both their significance and the potential that their release could harm the ongoing investigation. Additionally, van der Zwaan is in an unusual position of having information related to the Office's investigation that is not widely known—including information that he knows first-hand due to his role in the conduct the Office is investigating. That kind of information could be used by a defendant to submit highly targeted requests or even requests designed to impose burdens on the Office. And requests filed by someone with non-public information could, themselves, suggest to third parties investigative facts that are otherwise not widely known.

For the foregoing reasons, the FOIA waiver in van der Zwaan's plea agreement serves manifold legitimate criminal-justice interests while minimally encumbering van der Zwaan's rights for a period of limited duration.

ROBERT S. MUELLER, III
Special Counsel

Dated: April 2, 2018          By:     /s/ Andrew Weissmann
                                      Andrew Weissmann
                                      Greg D. Andres (D.D.C. Bar No. 459221)
                                      Brian Richardson
                                      Senior / Assistant Special Counsels
                                      U.S. Department of Justice
                                      Special Counsel's Office
                                      950 Pennsylvania Avenue NW
                                      Washington, D.C. 20530
                                      Telephone: (202) 616-0800

                                      *Attorneys for the United States of America*